## OHIO FEDERAL COURTS

# Districts, Judges, Officers, Proceedings and Opinions

# COURT OF APPEALS OF U. S.

### CINCINNATI

No. 726

SCOTT v. SAUNDERS

U. S. Appeals, Sixth Circ., Cincinnati
No. 3898. Decided June 6, 1923,

02. CONSPIRACY.

May maintain action against conspirator having possession of a fund without joining other conspirators.

4. BANKS AND BANKING.

State superintendent in charge of insolvent bank succeeds to rights and liabilities of bank—May be quired to restore from the assets a sum fraudulently acquired by the bank.

66. ERROR.

Decree will not be reversed for absence of unnecessary but proper party, where application for as not made, and no error was assigned.

DONAHUE, J.

### Epitomized Opinion

Appeal from District Court of Northern District of Ohio. Suit in equity by Saunders against Scott, superintendent of Ohio banks. Saunders was the mother of R. M. Saunders, who died intestate, leaving a widow as the only surviving heir besides the mother. By the law of Pennsylvania, of which state deceased was a resident at the time of his death, the widow was entitled to $5,000 and to one-half part of the remaining real and personal property, and the mother was entitled to one-half the estate in excess of the first $5,000 to the widow.

Deceased owned two policies of life insurance by Mutual Life Insurance Co., aggregating $25,000. The policies were originally made payable to the Struthers Savings and Banking Co. to secure the payment of money borrowed by deceased from the bank. Prior to his death he had fully paid the bank, and the policies had been turned over to him, and he transmitted them to the insurance company to make them payable to his estate. Before the change was made, Saudners died and Wilson was appointed his administrator. Thereupon the Insurance Co. transmitted the policies to Wilson, having made them payable to him as trustee of the estate. Wilson, in collusion with the widow, the Struthers Savings and Banking Co., and others, delivered the policies to the Struthers Bank and its treasurer represented to the Insurance Co. that the bank was entitled to the amount payable on the policy. The bank presented a claimant certificate and the insurance company paid the bank $25,000. Upon receipt of this money, the bank issued to the widow pass books for this amount. At the time the bank received this money, it was insolvent, and shortly thereafter the bank was ordered closed by the state banking department and the assets of the bank, including the $25,000, were turned over to the bank superintendent, who allowed the claim of the widow as evidenced by her pass books as a valid claim against the bank and paid to her two payments, aggregating about 50 per cent of the total amount. Wilson, the administrator, filed a final account in Pennsylvania and the estate was closed. Wilson, by decree of the Pennsylvania court, had paid all but about $50 of the $5,000 due to the widow. The administrator and the widow were made parties defendant but were not serced with summons, and did not enter their appearance.

The trial court ordered the bank superintendent to pay the mother one-half the amount due on the policies, namely the sum of $11,950.67.

Scott's petition for appeal was allowed, and he assigned as error that the insurance company was jointly responsible and ought to have been held liable in contribution. Before the hearing, by consent, the insurance company was dismissed as a party. Though not assigned as error, it is claimed as plain error that there was an absence of indispensable parties in the District Court, in that the decree will not protect Scott from claims that may be made by the widow and administrator against the funds in his hands as liquidating officer. In affirming the judgment of Judge Westenhaver, the Circuit Court of Appeals held:

1. The mother of the deceased could have maintained an action at law against either one of the wrongdoers who entered into this conspiracy and collusion without joining any of the other parties thereto. In this case, she brought within the jurisdiction of the court, not only a party to the fdaudulent scheme, but also sufficient of the fund that had been diverted from the estate to satisfy her claim for her distributive share of the estate of the intestate.

2. An appellate court will not reverse a decree otherwise correct because of the absence of a party who might have been brought in for the protection of the defendant, but for which no application was made, and upon which error is not assigned.

3. A state superintendent of banks who is in possession of the assets of an insolvent bank in which is included a sum fraudulently acquired by the bank is in no better position than the bank to defend against a suit for its recovery, and may be required to restore it from the assets. Though Scott was not a party to the fraud, he assumes the assets and liabilities of the insolvent bank.

Attorneys—H. D. Palmer (C. C. Crabbe, Atty. Gen. and D. E. Green, on brief), for Scott; D. P. Conway (J. Kennedy, on brief), for Saunders.